UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MID-CENTURY INSURANCE COMPANY,

          Plaintiff,

  v.

AMERICAN ECONOMY INSURANCE COMPANY,

          Defendant.

C21-0402 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion to stay, docket no. 59, is GRANTED, and this case is hereby STAYED. The parties shall file a Joint Status Report within fourteen (14) days after the State of Washington Department of Ecology ("Ecology") issues a report or other document indicating that it has completed its investigation concerning the source of halogenated volatile organic compounds ("HVOCs") found within the environmental cleanup site located at 4700 Brooklyn Avenue Northeast in Seattle ("Chevron Site"), or by December 31, 2024, whichever occurs earlier.

(2) The parties' stipulated motion, docket no. 51, to continue the trial date and related deadlines, is STRICKEN as moot.

(3) Plaintiff's motion, docket no. 47, for a retroactive extension of the deadline to amend pleadings, is DENIED. Plaintiff proposes to amend its complaint to delete its claims concerning defendant's duty to indemnify Tahn Associates, LLC ("Tahn") and for equitable contribution concerning indemnity, with the purpose of proceeding to trial solely on its claims that defendant owes a duty to defend Tahn and should be required on

MINUTE ORDER - 1

equitable grounds to contribute to the past and future costs of Tahn's defense, which plaintiff has paid and will pay pursuant to a reservation of rights. Plaintiff does not, however, assure the Court that the indemnification claims would not be realleged in this or another case. Judicial economy would not be served by conducting two trials relating to this matter, one concerning the duty to defend and another regarding the duty to indemnify. Moreover, plaintiff has made no showing that, in advance of Ecology's issuance of a report or other document concerning the source of HVOCs within the Chevron Site, the Court could make any factual findings relevant to the issue of whether defendant owes a duty to defend Tahn. As explained in the Order entered November 7, 2022, docket no. 39, to establish that defendant owes a duty to defend Tahn, plaintiff must identify a covered peril that was the "efficient proximate cause" of the property damage (*i.e.*, the HVOCs). Plaintiff has not explained how it could satisfy this burden in the absence of information from Ecology about the manner in which the HVOCs were transmitted from Tahn's property to the Chevron Site.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 21st day of June, 2024.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

MINUTE ORDER - 2